UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL BRAMLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01064-TWP-TAB |
| ) | |
| BRANDON MILLER, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening the Complaint,
Dismissing Deficient Claims,
and Directing Service of Process**

Plaintiff Michael Bramley, an inmate at the Pendleton Correctional Facility ("Pendleton"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

On April 6, 2020, the plaintiff filed a complaint against defendants Aramark Corporation ("Aramark") and Aramark employees Brandon Miller and Amanda Copeland. Miller and Copeland are sued in their individual and official capacities. The plaintiff seeks injunctive relief and compensatory and punitive damages.

Aramark contracts with the Indiana Department of Correction to provide food services to inmates at Pendleton. In June 2019, Aramark changed its utensil policy. Instead of providing utensils to inmates at each meal, under the new policy inmates receive one plastic spoon and two plastic cups to be used and reused for all meals. Inmates are not provided with a means to sanitize these utensils. Nor are they provided with a container to protect the utensils from contamination. This policy was carried out by Aramark district manager Amanda Copeland and Aramark food services supervisor Brandon Miller. As a result of being forced to use unsanitary plastic utensils, the plaintiff suffered a painful illness that required medical care.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Inmates are entitled to the "minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "Exposure to a significant risk of severe injury" can violate the

Eighth Amendment. *See Myers v. Indiana Dept. of Corr.,* 655 F. App'x 500, 504 (7th Cir. 2016). "Unacceptable conditions include those that pose a substantial risk to inmate health or safety." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (internal quotation omitted).

Based on the screening standard set forth above, the plaintiff's Eighth Amendment claims **shall proceed** against Aramark and against Copeland and Miller in their individual capacities. The claims against Copeland and Miller in their official capacities are **dismissed as duplicative** of the claim against Aramark. *See Kentucky v. Graham* 473 U.S. 159, 165 (1985) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.").

This Order includes all viable claims in the complaint identified by the Court. Any remaining claims are dismissed. If the plaintiff believes the complaint contains additional claims not discussed in this Order, the plaintiff shall have **through June 12, 2020**, to identify those claims.

### IV. Summary and Service of Process.

The plaintiff's Eighth Amendment claims **shall proceed** against Aramark Corporation and against Amanda Copeland and Brandon Miller in their individual capacities. The claims against Copeland and Miller in their official capacities are **dismissed as duplicative** of the claims against Aramark.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Aramark Corporation, Amanda Copeland, and Brandon Miller in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED**.

Date: 5/12/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL BRAMLEY
972511
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Brandon Miller
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Amanda Copeland
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Aramark Corporation
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204